JARED WELLS *v.* TIMOTHY L. MACE and CHARLES HALE, SAMUEL HUTCHINS, LEONARD GALE, ELIJAH FARR AND TIMOTHY SHEDD, Trustees.

Where a surety executed, with his principal, a note payable in one year after its date, and, after the note became due, the principal obtained his discharge in bankruptcy, under the Act of Congress of Aug. 19, 1841, and the surety did not prove his contingent claim against the principal under the commission, under sect. 5 of the bankrupt Act, and, after the principal had obtained his discharge, the surety paid the note, it was held the discharge in bankruptcy was no bar to an action in favor of the surety against the principal, to recover the money so paid.

In such action, the declaration being for money paid by the plaintiff for the defendant *at his request,* the moral obligation of the defendant to indemnify his surety is sufficient foundation for *implying,* in law, the *request* alleged.

Where several trustees, summoned under the trustee statute, disclose a *joint* indebtedness to the principal debtor, and one of the trustees claims that the principal debtor, is indebted to himself and a third person, as partners, such individual trustee will not be allowed to set off this claim against the joint indebtedness of himself and his co-trustees.

INDEBITATUS ASSUMPSIT, for money paid, laid out and expended by the plaintiff for the defendant at the defendant's request. A case stated was submitted to the court, setting forth the following facts.

On the ninth day of July, 1840, the plaintiff, as surety for the defendant, and at his request, signed with the plaintiff a note for $35,00 payable to Hiram Tracy, or order, in four months from

date, which note the plaintiff paid on the 12th day of July, 1841. On the 14th day of August, 1840, the plaintiff and defendant exe-' cuted a note, thereby jointly and severally promising to pay to Hutchins & Buchanan, or order, $157.48 in one year, with interest annually. Upon this note, also, as between the plaintiff and defendant the plaintiff was a mere surety for the defendant. The amount due upon this note, being $194.11 was paid by the plaintiff to the holders of the note on the 6th day of March, 1844. After the execution of both these notes, and after the first note had been paid by the plaintiff, but before he had paid the second note, the defendant duly obtained a discharge in bankruptcy, under the Act of Congress of August 19, 1841 ; this, discharge was dated March 22, 1843.

Upon these facts the county court rendered judgment for the plaintiff, for the amount paid by him upon the second note, and interest ; to which decision the defendant excepted.

The trustees made a joint disclosure,—from which it appeared that they were jointly indebted to the principal debtor in about the sum of ninety dollars ; and one of the trustees, Samuel Hutchins, disclosed that the principal debtor was indebted to the firm of Hutchins & Buchanan, of which firm the trustee, Hutchins, was a partner, in about the sum of $130, which he claimed should be offset against the indebtedness disclosed by the trustees jointly. But the county court rendered judgment against the trustees for the amount disclosed by them ; to which decision the trustees excepted.

*A. Underwood* for defendant and trustees.

1. This suit is brought to recover for money paid by the plaintiff for the defendant *at his request,* and *proof of the request* is an essential requisite to a recovery. There is no pretence of any *express* request in the case. Had the money been paid for the *benefit* of the defendant, the court might *infer* a request. But how can the court *infer* a request to the plaintiff to pay what the defendant was under *no obligation* to pay ? and a debt from which he had previously obtained a complete discharge ? As well might the court, had Mace successfully defended a suit on the note by Hutchins & Buchanan, and the plaintiff had afterwards paid it, infer a request by the defendant to pay.

2. The court are bound to give that effect to the discharge in

Wells *v.* Mace & Tr.

bankruptcy, which congress intended it should have. The express provision in the Act, that *sureties shall not be discharged,* and that the bankrupt *shall be,* can be reconciled on no other ground than that the bankrupt should be *relieved from any demand* against him on account of the debt. But, should the doctrine contended for by the plaintiff be sustained, the law is suicidal in this particular. It discharges the bankrupt *from the debt,* and yet he is held to pay it. Had this been the meaning of congress, why not have made a debt with surety an exception to the operation and effect of the discharge? *Exparte Reed,* decided in the Dist. Ct. of Vt., Oct. T. 1844.

But it is said, the plaintiff's claim was not proveable under the commission in bankruptcy and that therefore the plaintiff should recover. But this by no means follows. If congress intended to hold the surety and discharge the bankrupt, the fact that the plaintiff could not prove his claim under the commission could make no difference. But it is the fault of the surety that he does not make his claim proveable. He is bound to pay, and may pay and prove his claim. But the plaintiff's claim *was proveable* by express provision. Sect. 5 provides that *sureties, bail, endorsers* and all others, having *contingent* claims, *may prove,* &c.

3. The trustees should have been discharged. If held they are jointly held. One is a creditor of Mace. Why should he be charged and compelled to pay the plaintiff's debt, while he is a creditor of Mace equally meritorious? Equity should require that he should hold the amount, for his own debt. *Stone* v. *Dean,* 5 N. H. Rep. 502.

*Parker* for plaintiff.

If the certificate is a bar to the plaintiff's claim, it is owing to some peculiar provisions of the Bankrupt act,—some new provision, unknown to any former system. Under the provisions of the law of 1800, it is well settled this claim could not be proved. *Selfridge* v. *Gill,* 4 Mass. 96. *Barclay* v. *Carson,* 2 Hayw. 244. 6 Johns. Ch. Rep. 266, cited 1 Metc. & Perk. Dig. 396, no. 18. The same doctrine is fully settled by many cases in England. *Taylor* v. *Mills et al.,* 2 Cowp. 525. (271.) *Paul* v. *Jones,* 1 T. R. 599. *Utterson* v. *Vernon,* 4 T. R. 570. *Swaith* v. *Gale,* 7 T. R. 364. *Staines* v. *Planck,* 8 T. R. 375. We insist, that, in order that this

Wells *v.* Mace & Tr.

claim should have been proveable, it must have been such a demand, as Wells could have sustained an action for, or such as he might have proved against a deceased person's estate.

Now we do not question that Hutchins & Buchanan might have proved this debt against Mace; but, if that were so, could Wells also prove, and thus, between them, procure a double dividend, to the prejudice and in fraud of other creditors? *Jones* v. *Cooper*, 2 Aik. 54. 1 Sw. Dig. 412, § 4. 1 Wheaton's Selw. 76, and note (2.) Brown on actions 509. Metc. & Perk. Dig. 283, no. 357. This was not a *debt* proveable under the commission by Wells. Neither was it a " contingent or uncertain demand," which Wells might have proved; for he had no *demand* at all, either at the time Mace filed his petition, or when he obtained his discharge. So it seems to us that within none of the provisions of the act could Wells have proved his claim, debt or demand, for he had none.

As to the matter of the trustee process, we insist, that, in order to allow the offset claimed, there must be mutuality, which does not exist in this case.

The opinion of the court was delivered by

HEBARD, J. The plaintiff, as surety, on the 14th of August, 1840, signed a note with the defendant for $157.48, payable to Hutchins & Buchanan in one year, with interest. The defendant obtained his discharge and certificate in bankruptcy on the 22d day of March, 1843; and this note was paid by the plaintiff on the 6th day of March, 1844. The question is, whether the defendant is liable to the plaintiff for the money thus paid out after the discharge in bankruptcy.

The general rule and principle of law, in relation to this matter, is, that all debts, proveable under the commission, are barred by the discharge. The words of the statute are, that " Such discharge and certificate, when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all *debts*, *contracts*, and other *engagements*, of such bankrupt, which are proveable under this Act." The plaintiff in this suit had no right of action, and nothing proveable under *that* provision of the statute. The plaintiff was but a surety for the defendant; at the time of obtaining the cer-

tificate he had paid nothing; and consequently he could not maintain any action against the defendant at that time.

But the fifth section of the Act is relied upon by the defendant. This section provides for the proving of several classes of contingent claims and annuities, and among the rest is that of *surety,*—which is *this case.* The expression is, that such claimants " *shall be permitted to come in and prove such debts, or claims, under this Act.*" This section of the statute, as distinguished from the rest, has been subjected to some severity of remark,—but I think undeservedly. By examining this section in all its *parts* and *provisions,* I think it is obvious that the 'intention was to *enlarge the remedy* of a *surety,* or bail, and not to restrain it. It provides, that the bail, or surety, shall be *permitted* to prove his claim,—not that he shall be compelled to do it; leaving it optional with him to prove his claim and take his share of the bankrupt's effects with the other *creditors,* or to postpone his claim, until it becomes absolute by his being compelled to pay, and then taking his chance of collecting it of the bankrupt, after he has parted with all his property.

And this view is the more obvious, from the farther provision of that section,—which is this; " And no creditor, or other person, coming in and proving his debt, or other claim, shall be allowed to maintain any suit at law, or in equity, therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt." The correlative of this would be, that, if he did not come in and prove his claim, he would be entitled to his suit against the bankrupt, when his cause of action has become mature. The expression is, that " he *shall be deemed to have waived all right of action.*" If no right of action remained to him, he had none to waive. Therefore, as the plaintiff did not prove his contingent claim under the provisions of that section, he has *not waived* his right of action, and, having paid the note, he may now have his action against the bankrupt, for the money thus paid for him.

The moral obligation to pay the debt still rests upon the bankrupt, and he is under an *honorary* as well as moral *obligation* to save his bail; and this we think sufficient to meet the objection, that there is no request to pay proved. The plaintiff is *legally* bound to pay that which the defendant is *morally* bound to pay; and we think under this state of the case the law will imply the request. The judgment against the principal debtor is affirmed.

There is a question in relation to the trustees in this case. The trustees were acting in an associated capacity; in that capacity they had become indebted to the defendant. We cannot see how one of these individuals can make the application of that fund to the *liquidation* of his private debt, without the aid of a court of chancery; and it is even doubtful whether it could there be done.

The judgment is affirmed.