## TOBIAS v. ROGERS.

The right of one surety to contribution from his co-surety, in the absence of an express agreement between them, arises from payment by him of a demand against the principal, which they were equally under legal obligation to pay.

Where one surety is discharged from his obligation to answer for the demand against the principal, he is not liable to his co-surety for contribution.

A discharge granted to a person in 1843, under the bankrupt act of 1841, exonerates him from liability on a bond executed by him as a co-surety in 1837, conditioned that the plaintiff, in a replevin suit, would pay such amount as might be recovered against him therein, although the replevin suit was pending and undetermined when the discharge was granted.

The principle of giving color in pleading is not abrogated by the Code.

ON the 14th of September, 1837, Mahoney and Trull brought an action of replevin, in the Common Pleas of New York, against the sheriff and others. On that occasion Mahoney and Trull, as principals, and Tobias and Rogers, the parties to this action, as their sureties, executed a joint and several bond, conditioned that Mahoney and Trull should prosecute the replevin suit to effect, and that, if the defendants therein should recover judgment against them, they would return the property replevied, if a return thereof should be adjudged, and that Mahoney and Trull would pay to the defendants in that suit all such sums as might be recovered against them therein by such defendants, for any cause whatever. On the 2d of September, 1842, Rogers, one of the sureties, presented a petition to the District Court of the United States, praying that he be declared a bankrupt, and ·be discharged from his debts, pursuant to the act of congress, passed August 19, 1841; and on the 26th of May, 1843, a

decree was made by that court, discharging him " of and from all his debts provable under the said act, and owing by him at the time of the presentation of his petition to be declared a bankrupt." On the 27th of September, 1847, the defendants in the replevin suit, recovered therein judgment against Mahoney and Trull. Mahoney and Trull omitting to pay this amount, the coroner, in December, 1847, assigned, pursuant to the statute, the bond, to the defendants in the replevin suit, who, in January, 1848, brought suit thereon against Tobias, one of the sureties, wherein they recovered against him, in March, 1849, the amount of the judgment in the replevin suit, with interest. In January, 1850, Tobias paid this judgment against him, amounting, with interest and costs to $1,710.24.

In February, 1850, Tobias commenced this action against Rogers, for contribution. Rogers, in his answer, set up the proceedings in bankruptcy and his discharge. The plaintiff demurred to the answer, stating, among other grounds of demurrer, that his demand sought to be recovered in this action was not provable under the bankrupt act, and therefore not barred by the discharge.

*Edmonds, J.:* The condition of these parties was that of principal and surety as to one-half of what each might pay on the obligation which they had jointly incurred. They were jointly bound as principals to a third person, but, as between themselves, the relation of principal and surety existed as to any amount which either might pay over and above his share.

It is, in that respect, like the case of *Craft* v. *Mott* (5 Barb. 305). The parties to that suit were jointly bound to Johnson, but, by an arrangement between themselves, Mott was bound to pay the debt primarily, and Craft was his surety.

Under that state of things, Craft having paid the debt, it was held that his claim against Mott was barred by the discharge in bankruptcy, because it was provable as a contingent demand.

22—vol. 2

I can see no difference in principle between that case and the one now before me.

The distinction attempted to be drawn on the argument was, that in the case of *Craft* v. *Mott*, the amount of liability was capable of liquidation — that its value could be ascertained and proved under the proceedings in bankruptcy, while in this case it could not be, as it depended on the facts whether a return in the replevin would be awarded, and, if awarded, whether the goods, in whole or in part, would or would not be returned. Aside from the fact that in the case of *Craft* v. *Mott*, the uncertainty as to amount was kindred to that in this case, as it might have been affected by the sum which the land mortgaged might have brought on foreclosure, the case of *Jamison* v. *Blowers* (5 Barb. R. 686), is decisive as to this objection, and, indeed, as to every consideration growing out of the objection here set up to the discharge. Here, as in that case, there was an obligation which might ripen into a demand which might be enforced *in presenti*. When it had thus ripened, the creditor might receive his dividend upon it, and until it thus ripened it might be proved, and be provided for, under the bankrupt law.

Those two cases, it seems to me, are decisive of this case.

So far as the first ground of demurrer is concerned, it must be overruled.

The second ground of demurrer must also be overruled. The averment as to notice of the commencement of the suit is material as to the recovery of the costs of that suit, and is therefore properly made.

The third ground of demurrer, however, is well taken. The rule as to giving color is the same now that it always was, and the averment demurred to in this respect is defective.

Judgment accordingly.

[This ruling was affirmed on appeal at the General Term, and, finally, in the Court of Appeals. *See* 13 New York Reports, 59.]