## ABRAM FRENCH *vs.* JONATHAN MORSE.

A certificate of discharge under the insolvent laws of this commonwealth, or under the United States Bankrupt Act of 1841, is no bar to an action brought on a covenant against incumbrances in a deed conveying land, to recover damages sustained by the grantee subsequently to such discharge.

The "uncertain and contingent demands," which might be proved, under the United States Bankrupt Act of 1841, did not include demands whose existence depended on a contingency, but existing demands the cause of action upon which depended on a contingency.

ACTION OF CONTRACT on the covenant against incumbrances, contained in a deed of land in Lowell, made by the defendant to the plaintiff on the 28th of October 1836. The breach of covenant relied on was the existence, when said deed was made, of a mortgage made by a former proprietor of the land, which mortgage the plaintiff, since the 1st of May 1842, had been compelled to discharge, by the payment of $924, in order to secure his title to the land, and prevent a foreclosure of the mortgage.

The defendant, in his answer, relied on a certificate of discharge duly granted to him by a master in chancery, under the insolvent laws of this commonwealth, from all his debts owing on the 24th of March 1840; and also on a certificate of discharge from all his debts owing on the 16th of February 1842, by virtue of regular proceedings in the District Court of the United States under the Bankrupt Act of 1841. It was admitted that the plaintiff did not present or prove any claim in said proceedings in insolvency or bankruptcy, and that he had received no dividend or benefit whatever under either of said proceedings.

The parties agreed that if either of these discharges was a bar to this action, judgment should be rendered for the defendant; if not, judgment for the plaintiff.

*J. G. Abbott*, for the plaintiff, cited *St.* 1838, *c.* 163, § 7; *Loring* v. *Kendall*, 1 Gray, 305; *Ex parte Lancaster Canal*, Mont. 44; *Lyde* v. *Mynn*, 1 Myl. & K. 683; *In the matter of Gales*, 1 De Gex, 100; *Dole* v. *Warren*, 32 Maine, 94; *Ellis* v. *Ham*, 28 Maine, 385.

*A. R. Brown,* for the defendant, cited U. S. Bankrupt Act of 1841, Sess. 1, *c.* 9, §§ 4, 5, 7, 5 U. S. Sts. at Large, 444–446; *Jemison* v. *Blowers,* 5 Barb. 686, and cases cited; *Crafts* v. *Mott,* 5 Barb. 305, and cases cited.

METCALF, J.   A discharge under the insolvent law of this commonwealth (*St.* 1838, *c.* 163) does not extend to debts founded on contracts made before it was passed, unless the creditor elects to prove such debts, under that law.   And as the contract, for breach of which this action is brought, was made nearly two years before the statute of 1838 went into operation, and the plaintiff did not prove any claim against the defendant, for breach of this contract, it is clear that the defendant's discharge under that statute is not a bar to this action.   Besides; if the plaintiff had presented his claim for proof, nominal damages only, and not the actual damages since sustained, and now sued for, could have been proved.   *Prescott* v. *Trueman,* 4 Mass. 630.   *Sleeper* v. *Miller,* 7 Cush. 594, *note.*   For this reason also, the defendant's discharge under the insolvent law cannot avail him.

Is the defendant's discharge under the Bankrupt Act of 1841 a bar to this action ?   By the fourth section of the act, a " discharge and certificate, when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all debts, contracts and other engagements of such bankrupt, *which are provable under this act,* and shall and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever."   By the fifth section, " all creditors whose debts are not due and payable until a future day, all annuitants, holders of bottomry and respondentia bonds, holders of policies of insurance, sureties, indorsers, bail, or *other persons having uncertain or contingent demands against such bankrupt,* shall be permitted to come in and prove such debts or claims, under this act, and shall have a right, when their debts and claims become absolute, to have the same allowed them."   The question in this case therefore is, whether the plaintiff's claim, now in suit, was an uncertain or contingent demand provable under the bankrupt act.

If the meaning of " uncertain or contingent demands " had been settled by an adjudication of the supreme court of the United States, we should be bound by such adjudication ; the judicial department of every government being the rightful expositor of its own laws. But that court has not made any decision which determines this case. It has decided that a surety on a promissory note, made by one who became bank rupt after it was payable, might prove his claim against the principal, without first paying the note; and therefore that the discharge of the principal was a bar to an action brought against him to recover the money paid on the note, by the surety, after the discharge was granted. *Mace* v. *Wells*, 7 How. 272, reversing the judgment of the supreme court of Vermont, reported in 17 Verm. 503. This decision, however, was not made on the ground that the plaintiff's claim was an uncertain or contingent demand, but on the ground that he was a surety for the payment of an existing debt, and was, in terms, provided for by the fifth section of the bankrupt act. And perhaps the decision would have been the same, even if the note had not become payable until after the bankruptcy of the principal ; as has since been held by the supreme court of Pennsylvania. *Fulwood* v. *Bushfield*, 2 Harris, 90. But it has never been decided that sureties on a penal bond, given to secure perform· ance of official duty, or other collateral acts, (like the keeping of the peace, &c.) are authorized by this section of the bankrupt act, to prove demands against their principal, before he is in default. The contrary has repeatedly been adjudged.

It is to be noticed that the demands against the bankrupt, which are termed uncertain or contingent, in § 5 of the bankrupt act, are not the demands of holders of policies of insurance, sureties, indorsers, bail, &c. previously mentioned, but the demands of " other persons." Therefore, however contingent and uncertain the demands of bail, sureties, &c. may in fact be, the decisions as to them do not greatly assist us in ascertaining what demands of other persons, which are denominated contin· gent or uncertain, are provable against the bankrupt, and barred by his discharge.

10 *

The supreme court of New York, in *Jemison* v. *Blowers* 5 Barb. 686, decided that a covenant for quiet enjoyment inserted in a deed conveying land, although not broken until after the grantor was declared bankrupt, was a contingent demand provable under the bankrupt act, and that the grantor's discharge under that act was a bar to an action brought against him for breach of the covenant. And the counsel for the present defendant was warranted in saying that this case cannot be distinguished, in principle, from that. Our views of the law, however, differ from those taken by the court in that case. We are of opinion that, in the bankrupt act, " uncertain or contingent demands " should be held to mean, not demands whose existence depends on a contingency, but existing demands upon which the cause of action depends on a contingency. Cases have been adjudged upon this understanding of those terms. Recently, in *Loring* v. *Kendall*, 1 Gray, 305, it was decided that a surety on an administrator's bond was not discharged, by a certificate in bankruptcy, from his obligation to answer for a breach of the condition of the bond, subsequently committed by the administrator. The same view of the bankrupt act had been previously taken in *Woodard* v. *Herbert*, 24 Maine, 358 ; *Ellis* v. *Ham*, 28 Maine, 385 ; *Dole* v. *Warren*, 32 Maine, 94 ; *Goss* v. *Gibson*, 8 Humph. 197 ; *Bennett* v. *Bartlett*, 6 Cush. 225. See also *Goodwin* v. *Stark*, 15 N. H. 220. And this is conformable to the decisions under the English *St.* 6 Geo. 4, *c.* 16, § 56, which authorizes the proof of a bankrupt's *debts payable on a contingency* which shall not have happened before the issuing of the commission against him. A claim like that here in suit cannot be proved under that statute, and is not barred by the defendant's discharge. Contingent liabilities of a bankrupt are not provable, but only certain *debts*, contracted by him before bankruptcy, and payable after it on a contingency. *South Staffordshire Railway* v. *Burnside*, 5 Exchequer Reports, 138. *Hankin* v. *Bennett*, 8 Exchequer Reports, 107. *Hinton* v. *Acraman*, 2 C. B. 409. Bac. Ab. Bankrupt, E. Archb. Bankr. (9th ed.) 124, 125, and cases there cited.

In the present case, the defendant's covenant against incumbrances on the land conveyed by him to the plaintiff was not, until after the defendant's discharge, so broken as to give the plaintiff a cause of action thereon against him, for actual damages. Whether such cause of action would ever exist was uncertain and contingent at the time when the defendant went into bankruptcy, and also at the time when he was discharged. At neither of those times had the plaintiff any existing demand upon which the cause of action depended on a contingency; but the very existence of his demand depended on a contingency. Since that discharge, the contingency has happened. The plaintiff has been obliged to pay $924, to remove the incumbrance on his land; and he is entitled to recover that sum in this action. *Judgment for the plaintiff.*