Glenn, Trustee of the Nat'l Express and Trans. Co. *vs.* Clabaugh.

(Decided 10th March, 1886.)

Robinson, J., dissented.

---

John Glenn, Trustee of the National Express and Transportation Company *vs.* William H. Clabaugh.

*Insolvent—Subscription price of Stock of a Company Incorporated in Virginia—Payment by Instalments—Discharge of Stockholder under Insolvent law of Maryland—Suit against Insolvent for unpaid Instalment.*

Where the subscription price of the stock of a company incorporated under the laws of Virginia, was only to be paid in such instalments, and at such times, as it should be called for by the company, and at the time of the insolvency of a stockholder, and of his discharge under the insolvent law of Maryland, no call for the payment of his subscription had been made, such discharge of the stockholder is no bar to an action against him for an instalment of his subscription subsequently called for, even though the unpaid

subscription may have constituted, at the time of the discharge of the insolvent, a debt or contract within the meaning of the insolvent law—the insolvent law of this State not operating to discharge a contract made with a citizen or corporation of another State.

APPEAL from the Court of Common Pleas.

The appellee in this case was a subscriber for twenty-five shares of the capital stock of the National Express and Transportation Company, and a certificate for the same was issued to him. Under the decree of the 14th of December, 1880, an assessment of thirty dollars per share was levied on the stock of the appellee, and the amount he was required to pay was seven hundred and fifty dollars. The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, RITCHIE, and BRYAN, J.

*John M. Glenn*, and *Charles Marshall*, for the appellant.

*Sebastian Brown*, and *Stewart Brown*, for the appellee.

*J. Alexander Preston*, filed a brief for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This case is in all respects similar to the preceding cases of *Glenn, Trustee vs. Howard*, and *Glenn, Trustee vs. Savage*, except that instead of the defence of final discharge of the defendants under the Bankrupt Law of the United States, as in those cases, we have here the defence that the defendant had duly obtained a final discharge under the Insolvent Laws of this State, on the 15th of September, 1879, and that the alleged cause of action accrued

Glenn, Trustee of the Nat'l Express and Trans. Co. vs. Clabaugh.

before the filing of his petition. The plaintiff demurred to this plea, and the demurrer was overruled by the Court below, and judgment was entered for the defendant.

The action being for a call upon stock, under the decree of the 14th of December, 1880, as set forth in the declaration, it would seem, upon reason and principle, that the same conclusion reached in the preceding cases should be maintained in this. But the insolvent law of this State, under which the defendant was discharged, makes no special provision for the character of debts to be proved, or as to the mode of proving debts or claims against the insolvent estate. Nor does it provide, as in the bankrupt law, that the discharge shall only operate upon such debts as were proved, or were provable against the insolvent estate. But it provides in the most unqualified terms, that the discharge shall be "from *all debts and contracts* made before the filing of his petition, and he shall be released from *all such debts and contracts*, and such discharge and release shall embrace all cases where he is indorser or surety," &c.

These terms are certainly very comprehensive, and anything that falls within the definition of debt or contract, would seem to be embraced by them; and in view of the decisions of the Court in the cases of *Berry vs. McLean*, 11 *Md.*, 92, *State, use of Buckey vs. Culler*, 18 *Md.*, 419, and *Reynolds vs. Mut. Fire Ins. Co.*, 34 *Md.*, 280, and especially the two latter cases, it would seem to be doubtful whether a contract of the nature sued on in this case, is not embraced within the operation of a discharge under the insolvent law of the State.

But however this may be, it is very clear that the insolvent discharge can form no bar to the recovery in this case. Here the contract sued on was made with a corporation of the State of Virginia. That corporation derived all its powers of existence, and its franchises, from that State, and there it had its principal office and seat

of its governing body. The contract of subscription to
its capital stock was to be performed there, as and when
required by the president and directors of the company.
The law of the State, and of the creation of the corpora-
tion itself, fixed the terms of the contract of subscription,
and the defendant is conclusively presumed to have con-
tracted with reference to such law. He therefore im-
pliedly subjected himself to such laws of that State as
affected the powers and obligations of the corporation,
and as prescribed the terms, and the manner of perform-
ance, of the contract made with such corporation. *Canada
Southern R. Co. vs. Gebhard*, 109 *U. S.*, 527, 537–8. The
plaintiff in this case was not a party to the contract, but
is only an officer entrusted with executive powers under
a decree of a competent Court of Virginia, made to secure
the performance of the obligations of the corporation, for
which the defendant, as a stockholder, is in part bound;
and it is not competent to him to invoke the insolvent
laws of Maryland to discharge him from that obligation.
The insolvent laws of the State profess to operate upon
all contracts, without regard to the residence of the credi-
tors; but this general provision of the statute is necessa-
rily qualified by the Constitution of the United States,
and by the decisions of the Supreme Court, declaring the
meaning and effect of that Constitution upon the legisla-
tion of the several States. The State possesses the un-
questioned power of passing insolvent laws, if not in
conflict with the legislation of Congress upon the subject;
but insolvent laws passed by a State can have operation
and effect only as between the citizens or residents of that
State, and can have no effect whatever to discharge con-
tracts made with citizens or persons of other States. In
other words, the insolvent laws of one State cannot dis-
charge the contracts of citizens of other States, because
such laws have no extra-territorial operation. And such
being the case, it makes no difference whatever that the

action for the enforcement of the contract is brought in a Court of the State where the debtor resides, and under whose insolvent laws he has obtained his discharge. The contract not being subject to the operation of those laws, the defendant's discharge can furnish him no defence, no matter in what Court the suit may be brought. This is the clear purport of the decisions of this Court, as it is of the decisions of the Supreme Court of the United States, made upon this subject; and it is therefore clear that the plea of the insolvent discharge forms no bar to this action, and the demurrer thereto should have been sustained. *Frey vs. Kirk*, 4 *G. & J.*, 510; *Poe vs. Duck*, 5 *Md.*, 1; *Ogden vs. Saunders*, 12 *Wheat.*, 358; *Boyle vs. Zacharie & Turner*, 6 *Pet.*, 348; *Baldwin vs. Hale*, 1 *Wall.*, 223, and *Baldwin vs. Bank of Newbury, Ib.*, 234.

It follows that the judgment of the Court below must be reversed, and the cause remanded for a new trial.

*Judgment reversed, and
cause remanded.*

(Decided 10th March, 1886.)