# Sayre v. Glenn.

*Action by Trustee under appointment by Foreign Chancery Court, against Subscriber for Stock in Private Corporation.*

1. *Subscription for stock, as debt against bankrupt's estate.*—An unpaid subscription for stock in a private corporation is not assets of the subscriber's bankrupt estate, which the assignee is bound to accept, nor is it a provable debt against the bankrupt's estate; consequently, a discharge in bankruptcy is no defense to the bankrupt against an assessment and call regularly made by a court having jurisdiction of the estate of the corporation, under a bill filed by its creditors.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action, like the preceding, was brought by John Glenn, suing as trustee under appointment by the Chancery Court of Richmond, Virginia, against the defendant as a subscriber for stock in the National Express and Transportation Company; but it sought to collect the assessment of thirty per-cent. made by the decree of December 14th, 1880, and was commenced on the 1st November, 1884. The defendant pleaded the general issue, the statutes of limitation of six and ten years, and a special plea averring his discharge in bankruptcy on the 22d April, 1871, by the judgment and decree of the United States District Court at Montgomery, under a petition filed by him on the 1st June, 1870. The court sustained a demurrer to the plea of bankruptcy, and its judgment thereon is now assigned as error, with other matters.

R. M. WILLIAMSON, for appellant.

W. S. THORINGTON, *contra*, cited *Glenn v. Howard*, 65 Md. 40.

SOMERVILLE, J.—The questions arising in this case, except the sufficiency of the defense based on the plea of defendant's bankruptcy, are settled against the appellant in *Lehman, Durr & Co. v. Glenn*, and *Semple v. Glenn*, decided at the present term.

This plea sets up the fact, that the defendant, Sayre, on petition filed in the proper District Court of the United States, on the first of June, 1870, was duly adjudicated to be a bankrupt, and thereafter, to-wit, on April 22d, 1871, received his certificate of discharge, as provided for by the Bankrupt Law of March 2d, 1867.

To this plea a demurrer was sustained; and we think there was no error in this ruling. The ground of demurrer, which seems to us to be fatal to the sufficiency of the plea, is, that the demand in question was one not provable against the estate of the bankrupt, and was not therefore affected by the discharge.

The action is one for the assessment of thirty per-cent. upon an unpaid subscription to the capital stock of the National Express and Transportation Company. This assessment was ordered to be made by the Chancery Court of the city of Richmond, Virginia, by decree rendered December 14th, 1880. The subscription itself was for the sum of one thousand dollars, payable "in such installments as *may be called for* by said company, and to pay one per-cent. at the time of subscription.

The Bankrupt Law allowed proof to be made, not only of debts due from the bankrupt at the commencement of the proceedings in bankruptcy, but of "all debts then existing, but not payable until a future day," a rebate of interest being made.—U. S. Rev. Stat., § 5067. The law was also made to embrace "contingent debts and liabilities," the right of the creditor to share in dividends being made to depend upon the happening of the contingency before the order of the Bankrupt Court for a final dividend; or the ability of the court to ascertain and liquidate the "present value" of the debt or liability.—U. S. Rev. Stat., § 5068. The phrase "contingent debt" has been construed to mean, not a demand whose existence depended on a contingency, but an existing demand the cause of action upon which depends on a contingency.—*French v. Morse*, 68 Mass. 111; *Woodard v. Herbert*, 24 Me. 358.

It is our opinion, that a call of this nature made upon an unpaid subscription to corporate stock is not a provable debt within the meaning of the Bankrupt Law. The precise point was decided by the Court of Appeals of Maryland, in *Glenn v. Howard*, 65 Md. 40 (1885), where the question is fully discussed. It was suggested, that there was no right of action on the subscription until a call was made, either by

[Davis v. Memphis & Charleston Railroad Co.]

the governing officers of the corporation, or by order of the Chancery Court having jurisdiction to make such an assessment. It might be that such call might never be made in any event; and if so, there would never exist any liability to pay anything on it. It was said not to be a debt *in præsenti*, payable *in futuro*. The demand, we may add, would thus be one whose existence would depend upon a contingency, rather than one that existed already, with a right of action on it depending on such contingency. It was accordingly held, that where a call was made on a subscription of stock identical with that here in controversy, after the discharge of the subscriber in bankruptcy, it would not be affected by the provisions of the Bankrupt Law, because the demand was one not provable under the law against the bankrupt's estate. A ruling of the same kind was made in *South Staffordshire R. Co. v. Burnside*, 5 Exch. 129, which has generally been since followed by the English courts. See, also, *Glenn v. Clabaugh*, 65 Md. 65; and *Riggins v. McGuire*, 15 Wall. 549; *Steele v. Graves*, 68 Ala. 21.

The assignee of the bankrupt was not bound to accept the stock in this corporation, as a portion of the bankrupt's assigned property, as it was of an onerous and unprofitable character; and it does not appear that he ever did so. The bankrupt proceedings do not, therefore, affect the question of the stockholder's liability.—*File Co. v. Garrett*, 110 U. U. 288; *Rugely v. Robinson*, 19 Ala. 404; *Glenn v. Howard, supra*.

The demurrer to the plea of bankruptcy was properly sustained.

The other assignments of error are without merit, and the judgment is affirmed.