JAMES E. FERNALD *vs.* ANDREW E. CLARK.

Waldo. Opinion February 3, 1892.

*Insolvency. Partnership. Proof of Debt. Discharge. R. S., c. 70, § 25.*

A partner who sold his interest in the partnership to a co-partner, taking from him an agreement to pay the partnership debts, cannot recover against

such co-partner for debts which he was afterwards compelled to pay for the co-partner to partnership creditors, the co-partner having received a discharge from the same debts by insolvency proceedings in which such creditors proved their claims and received dividends thereon.

*Dole* v. *Warren*, 32 Maine, 94, examined.

*Fernald* v. *Johnson.* 71 Maine, 437, approved.

FACTS AGREED.

*R. F. Dunton*, for plaintiff.

The defendant's discharge in insolvency released him only from such debts, claims, liabilities and demands, as were or might have been proved against his estate in insolvency. R. S., c. 70, § 49. The case of *Fernald* v. *Johnson*, 71 Maine, 437, settles the fact that Fernald's claim under the contract was not provable against Clark in insolvency.

Counsel cited: *Fowler* v. *Kendall*, 44 Maine, 448 ; *Reed* v. *Pierce*, 36 *Id.* 455 ; *Dole* v. *Warren*, 32 *Id.* 94 ; *Ellis* v. *Ham*, 28 *Id.* 385 ; *Wells* v. *Mace*, 17 Vt. 503 ; *Woodard* v. *Herbert*, 24 Maine, 358 ; *Mann* v. *Houghton*, 7 Cush. 592 ; *Bennett* v. *Bartlett*, 6 Cush. 225 ; *Savory* v *Stocking*, 4 Cush. 607 ; *Murray* v. *De Rottenham*, 6 Johns. Ch. 52.

*J. Williamson*, for defendant.

PETERS, C. J. The facts stated show that the plaintiff and defendant had been copartners in business ; that the plaintiff sold his interest in the partnership to the defendant, the latter giving the plaintiff as a part of the consideration of sale an agreement to pay the partnership debts ; that the defendant afterwards went into insolvency, receiving in due time his discharge ; that certain creditors named in the report as holding demands against the partnership proved their claims against the defendant's estate, receiving dividends thereon ; that after the insolvency proceedings the same creditors collected of the plaintiff the balance remaining due on their demands after crediting the dividends thereon ; and that this suit is prosecuted by the plaintiff in order to ascertain whether he can recover of the defendant, notwithstanding his discharge, the amount so paid by the plaintiff upon the partnership indebtedness. We think the action cannot be maintained.

Whether an insolvent is answerable after his discharge on a demand originating before insolvency depends generally on whether the demand could or not have been proved against the insolvent's estate. The tendency of both the statutes and the courts has been to construe the effect of a discharge with all reasonable liberality towards the debtor.

All contingent demands are not barred from proof against the insolvent's estate. The distinction is between contingent liabilities which may never become debts and debts payable on a contingency. The general rule deducible from the cases, although distinctions and differences are to be found in them, is that all demands which are directly capable of being valued or liquidated may be admitted to proof against an insolvent estate, and if not presented cannot be afterwards enforced against the bankrupt. At first courts were puzzled to know how contingent debts could be estimated or valued, and some of the earlier cases held that there was no way by which a surety could prove his claim against the principal's estate. But after the case of *Mace* v. *Wells*, 17 Vt. 503, was reversed by the Supreme Court of the United States, in *Mace* v. *Wells*, 7 How. 272, and a contrary doctrine established by that tribunal, the question in this country became settled.

Accordingly, a surety may protect himself by purchasing in the demand and proving it in his own name as a subrogated owner, or the court will permit him without payment to prove the demand in the name and right of the creditor for his own benefit. *In re Babcock*, 3 Story, 393 ; *Mace* v. *Wells*, 7 How. 272, *ante; Fowler* v. *Kendall*, 44 Maine, 448 ; *Spalding* v. *Dixon*, 21 Vt. 45 ; *Aflalo* v. *Fourdrinier*, 6 Bing. 306. Other authorities might be added.

Our statute adopts the principle in the provision on the subject, found in § 25, c. 70, R. S., as follows : " Any person liable as bail, surety, guarantor, *or otherwise*, for the insolvent, who has paid the debt, or any part thereof, in discharge of the whole, may prove such debt, or stand in the place of the creditor, if the creditor has proved the same, although such payments were made after the proceedings in insolvency were com-

menced. And any person so liable for the insolvent, and who has not paid the whole of such debt, but is still liable for the same or any part thereof, may, if the creditor fails or omits upon request to prove such debt, prove the same either in the name of the creditor or otherwise, as may be provided by the rules of the court, under section ten, and subject to such regulations and limitations as may be established by such rules."

Now, the precise question is, whether the plaintiff stood as a surety for his partner for the payment of the partnership debts. We think the statute is comprehensive enough to place him in that position, including, as it does, "any person liable as bail, surety, guarantor, or otherwise, for the insolvent." His position was in effect the same as that of surety. It has been frequently held that, where one of the parties bound by a joint contract, assumes the whole burden of the obligation, the other will acquire the rights of a surety, and will stand in the place of the creditor, for the purpose of proving the debt against the estate of the bankrupt, with the attendant disadvantage of being precluded from enforcing it subsequently against his person. The learned American editors of Smith's Leading Cases lay down the proposition as established by the cases without opposition. Smith Lead. Cas. 8th ed. Vol. 1, part. 2, p. 1271. In most the cases the joint debtors were partners situated as the present parties are. *Wood* v. *Dodgson*, 2 M. & S. 195; *Aflalo* v. *Fourdrinier*, ante; *Butcher* v. *Forman*, 6 Hill, 583; *Crafts* v. *Mott*, 5 Barb. 305 (S. C. 4 Coms. 604). We think all the writers on partnership concur on this point.

None of the cases in this State relied on by the plaintiff oppose this rule. They relate to instances of liability of such a contingent character that it could not be determined that there ever would be a debt. The case which nearest approaches this is *Dole* v. *Warren*, 32 Maine, 94, a case of liability between co-sureties, and depending upon a different principle altogether. And still that case has been doubted by several courts, and may perhaps be considered as somewhat questionable under the broad language of our present statute. While there may be a difficulty in estimating the measure of liability among co-sureties

there is none between a surety and his insolvent principal. Besides, in the present case the claims were actually proved by the creditors themselves, their action operating as beneficially for the surety as if he had proved them himself.

Nor is the situation changed because the plaintiff unsuccessfully attempted to prove his pretended claim in his own name, as appears in the case of *Fernald* v. *Johnson*, 71 Maine, 437. He had not paid any of the debts, nor was he attempting to prove any claim in any creditor's right or name. The distinction is clearly shown in the opinion of the court, where it is said : "Whether the claimant could prove the partnership debts as being holden therefor, 'as surety, guarantor, or otherwise,' is not a question now before the court ; but the simple and only question presented is, shall the claimant be allowed to prove his own claim under and by virtue of the contract of dissolution." If he had been allowed to do so, virtually the same claims would have been doubly proved, once in his name and again in the name of the creditors.

*Judgment for defendant.*

VIRGIN, LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.