Livingston, J.
delivered the opinion of the court. The only ground on which a certificated bankrupt can expect to be exonerated from a demand of this kind, is the hardship of continuing liable after a surrender of all his estate, and among the rest, this very property, to assignees for the benefit of all lfis creditors ; but is this the fact ? It: does not appear by the case. We well know that a house of this kind, on so short a lease, is not worth more than the rent reserved, and (notwithstanding the generality of the assignment) is not taken possession of by the *assignees.(c) It continues in the bankrupt’s occupation, and if so, as we must presume was the case here, such being the usual course of things, and the contrary not being found, upon what pretence can he ask an exemption from this suit ? He, and not his creditors, have derived a benefit from this property since his bankruptcy. Therefore he, and not the estate asssigned, should be bur *28 dened with the rent. Qui sentít commodum, sentiré débet el onus.
It may be subjoined that the debt being contingent, for n case of eviction nothing would have been due, proof of it would not have been admitted under the commission, and, therefore, unless there remain a liability in the defendant, the plaintiff will be without remedy. Culllen’s Bank. Law, 84—126, 3 D. & E. 544. [1] We mean, however, to be understood as determining this cause more particularly on the ground of the defendant’s occupying the premises after his discharge, than on any other, and of the tot.al want of proof that the assignees ever took possession of them. Judgment must be entered on the verdict, as found by the jury. See Van Raugh v. Van Arsdaln, 3 Caines’ Rep. 154, n.(a)
Postea to the plaintiff.

 In which case they are not liable for the rent accruing subsequently to the bankruptcy. Bourdillon v. Dalton and others, 1 Esp. Rep. 233.

 A discharge under the insolvent act is no bar to an action on an express covenant to pay rent, brought to recover rent accruing subsequent to the insolvent’s discharge. 9 J. R. 121. And, generally, if the creditor, at the time of the assignment by the insolvent debtor, has not a certain debt due or owing, (although it may not be then payable,) so as to entitle him to a dividend of the insolvent's effects, he will not be barred by the discharge. Mechanics' and Farmers' Bank v. Capron, 15 J. R. 461; Frost v. Carter, 1 Johns. Cas. 13; Buel v. Gordon, 6 J. R. 126; Andrews v. Waring, 20 id. 153. But now the discharge exonerates from liability- incurred by making or endorsing any promissory note or bill of exchange, or in consequence oi the payment, by any party thereto, of the money secured thereby. Seo 2 Rev. P«at. p. 22, § 31.