The case was submitted to the court, without argument.

NEW YORK,
May, 1812.

LANSING
v.
PRENDERGAST.

———✦———

## LANSING *against* PRENDERGAST.

THIS was an action of *covenant,* for the recovery of seven years' rent, brought upon a durable lease, executed by the plaintiff to the defendant, on the first day of *March,* 1793, for a lot of land in *Lansingburgh,* in which lease the yearly rent of four pounds was reserved to be paid yearly and every year, for ever thereafter ; and which rent the defendant, his executors, administrators and assigns, expressly covenanted by the lease, to pay to the plaintiff, his heirs and assigns, for ever. The plaintiff in his declaration averred, that there was due from the defendant the sum of 28*l.* for seven years' rent due and in arrear, on the first day of *March,* 1810.

*A discharge under the insolvent act is no bar to an action on an express covenant to pay rent, brought to recover rent accruing subsequent to the insolvent's discharge.*

The defendant pleaded *non est factum,* and gave in evidence, at the trial, (according to a notice given for that purpose,) a dis-

NEWYORK, charge obtained under the act entitled " An act for giving relief in
May, 1812. cases of insolvency," dated the 17th day of *October*, 1801, by
which the defendant was discharged from all debts up to the date
LANSING of the discharge; and that the said lease was duly assigned among
v. other property of the said defendant, to his assignees, appointed
PRENDERGAST. by the authority of the act. It was admitted, on the trial, that the
plaintiff, on the 10th day of *September*, 1810, recovered a judg-
ment against the defendant, before a justice of the peace, for the
sum of 20 dollars, for two years' rent, due on the lease, the 1st
day of *March*, 1803.

The cause was tried at the *Albany* circuit, in *October*, 1811,
and a verdict taken for the plaintiff, subject to the opinion of the
court on the above case, which was submitted to the court with-
out argument.

*Per Curiam.* There is no distinguishing this case, in principle,
from that of *Frost* v. *Carter.* (1 *Johns. Cas.* 73.) The rent now
sued for had not accrued at the time of the discharge. Rent af-
terwards to accrue and grow due, could not, in any sense, be
considered as a present debt, at the time of the insolvent's assign-
ment, and for which the plaintiff might have become a petitioning
creditor. It must be *debitum in presenti*, though it be *solvendum
in futuro*. A discharge under the *English* acts of bankruptcy,
or of insolvency, has never been considered as a bar to an action
of covenant on an express covenant to pay rent. (1 *H. Bl.* 433.
4 *Term Rep.* 94. *Auriol* v. *Mills*, 8 *East*, 318. S. P. *Cotterel*
v. *Hooke, Doug.* 97. *Marks* v. *Upton*, 7 *Term Rep.* 305.)
The words of the bankrupt act of 7 *Geo.* I. c. 31. are nearly the
same as those in our insolvent law. The recovery before the
justice was no bar to rent not included in that suit. Each sum
of annual rent was a distinct debt.

Judgment for the plaintiff.