ALBANY,
Feb. 1826.

Ex parte
Smith.

of the world. The comity of nations will certainly not demand this in relation to any crime short of murder ; and it was held not to reach a case of that aggravated nature, by Chief Justice Tilghman who, with the case of Washburn, before him, refused to act upon it. (a) The remedy given by the constitution of the United States is fully adequate. The fugitive must be demanded by the executive, to warrant his being delivered up.

[SUTHERLAND, J. But the governor of another state may know nothing of the arrest. A reasonable time must be allowed for giving him notice.]

[WOODWORTH, J. Detaining a prisoner by state authority, in order that he may be delivered over for prosecution to the United States, is, by no means, an unusual exercise of power. This court has repeatedly sanctioned such a proceeding ; and in one case very lately.]

*Yates.* At any rate, this is a matter of discretion with the court; and they should require proof of the Attorney General, that there is, at least, probable cause for the detention.

(a) Vid. 2 Wheeler's Criminal Cases, 1. 24 Nile's Register, 412, under date of August 30, 1823. Case of Edward Short. Murder in Ireland.

---

*Ex parte* G. SMITH.

A discharge
. nder the act
to abolish im-
prisonment
for debt, &c.,

SMITH having been committed to gaol in Columbia, for not performing an order of filiation and maintenance, for a

(sess. 42, ch. 101,) extends to one committed to gaol for not fulfilling an order of filiation and maintenance, within 1 R. L. 306. sect. 1.

weekly sum of money made pursuant to 1 R. L. 306, sect. 1; and being afterwards discharged under the act to abolish imprisonment for debt, &c. (sess. 42, ch. 101;) and the sheriff refusing to set him at liberty, on the production of. the discharge,

*D. B. Tallmadge*, moved for a *habeas corpus* to bring him up, in order that he might be discharged by this court. He said the question in these cases is, whether the debt be due to the people, or to individuals. In the latter case, the discharge under the insolvent act is operative. (*Rex* v. *Wakefield*, 13 East, 190.) Judgment for a tort creates a debt within the meaning of the act. (*Ex parte Thayer*, 4 Cowen, 66.) An action lies on this order. (*Walworth* v. *Mead*, 9 John. 368.)

*C. Bushnell*, contra, agreed that the court should finally dispose of this question without the formality of a *habeas corpus*. He said that all the sheriff and overseers wished, was to be instructed in their duty. This case is *sui generis*. Actual payment of any sum in gross would not discharge the prisoner. And if the insolvent discharge operates for the amount due, it cannot reach the arrears which may hereafter accrue. A discharge affects no debt which cannot be proved, and be the subject of a dividend.

*Curia.* We think this is a case within the meaning of the act. The order imposes a mere civil obligation, for which an action would lie. It is in the nature of a judgment for so much, payable by weekly instalments. (*Walworth* v. *Mead*, 9 John. Rep. 368.) Another effect of the order is, to impose on the putative father the obligation of giving surety to perform it, if he has neglected the actual performance. For default of both, he is imprisoned. He is in execution for not performing one of two things, both of which are, in their nature, civil obligations; and both of which were due at the time of the assignment. His imprisonment was *for, or by reason of a debt, due at the time of the assignment*, in the words of the insolvent act. It is for such a case that the act was intended. The debt it-

ALBANY,
Feb. 1826.

self is not discharged; but only one remedy for the debt. Whether the putative father may not yet be sued and imprisoned for arrears upon the order accruing after the assignment, in analogy to the case of rent, and within the reason of *Lansing* v. *Prendergast*, (9 John. 127,) it is not necessary now to decide.

Motion granted.