# Bosler *against* Kuhn.

| 8ws183|
|164 408|

| 8 WS 183|
|185 US 59|

A ground-rent coming due after the discharge of the debtor as a bankrupt is not extinguished by his certificate.

ERROR to the District Court for the city and county of *Philadelphia.*

This was an action of covenant brought by Kuhn and another against John Bosler and three others for arrears of ground-rent due October 1st, 1843, on a ground-rent deed from the plaintiffs to the defendants, executed 25th March 1836, conveying a large lot of land in the county of Philadelphia in fee, subject to a ground-rent with the usual conditions and covenants.

Bosler, one of the defendants, filed the following affidavit of defence.

John Bosler, one of the defendants, being affirmed, saith that his defence to the whole of plaintiff's claim is this; that on the 1st day of April 1842 he filed his petition in the District Court of the

[Bosler v. Kuhn.]

United States for this district, praying for the benefit of the bankrupt laws; that on the 29th day of April 1842 he was by the court decreed a bankrupt, and that on proper proceedings he subsequently, to wit, on the 30th day of August 1842, was by said court decreed a final discharge and certificate according to the Act of Congress in such case made and provided; which certificate he has ready and offers to exhibit. And he further saith that the ground-rent deed on which this suit was brought was executed by him before he filed his petition above-mentioned.

The court below gave judgment for the plaintiffs for want of a sufficient affidavit of defence.

Errors assigned:

1. The court below erred in giving judgment by default against defendant, Bosler, who had filed a sufficient affidavit of defence.

2. Because said court thereby decided that said Bosler's discharge and certificate in bankruptcy did not prevent them from entering judgment against him personally.

3. Because said court thereby decided that notwithstanding said discharge and certificate, said Bosler was personally liable on said ground-rent deed made and executed before he commenced any proceedings in bankruptcy.

*Meredith*, for the plaintiff in error.
*Phillips*, contra.

The opinion of the Court was delivered by

GIBSON, C. J.—The fifth section of the late American Bankrupt Law, which designated the classes of provable debts, contained no provision for a ground-rent covenant in terms. It was said that creditors whose debts were payable at a future day, annuitants, holders of bottomry and respondentia bonds, and of policies of insurance, sureties, endorsers, bail, or persons having contingent demands against the bankrupts, might prove such debts and have them allowed when they became absolute; and that annuitants and holders of debts payable *in futuri*, might have the present value ascertained and allowed as debts *in presenti*: whence an argument that a ground-rent covenant was provable as an annuity, or at least as a future debt; to the one or the other of which it certainly bears more resemblance than to any other class in the catalogue. Previous to the 49 Geo. 3, c. 121, since merged in the 6 Geo. 4, c. 16, from which this specific provision of the American statute was taken, even an annuity was not provable when not secured by a forfeited annuity bond, which enabled the courts to let the annuitant in to prove as a creditor for the penalty taken by a legal subtlety to be the debt at law. An annuitant, however, is now let in by force of the special provision there, as he was here; and unless a ground-rent covenant were treated as an annuity, the landlord could not have proved, and the tenant cannot

[Bosler v. Kuhn.]

now be discharged from it by his certificate. Its apparent resemblance to an annuity arises from its apparent resemblance to a rent charge, which bears itself no actual resemblance to an annuity. It is true, that a rent charge, which subjects the person to payment as well as the land, as the grant usually does, is commonly called an annuity; and it may be actually so at the election of the grantee. But a rent charge pure, subjecting only the land, as it necessarily does, has no spice of annuity in its composition. Even an impure annuity, subjecting both the person and the lands, cannot long remain so; for the grantee determines his election by distraining and avowing in a court of record, and thus making the duty thenceforth a pure rent charge on the one hand; or by counting for it in a writ of annuity, and thus making it a pure annuity, on the other. By the one or the other of these he turns the charge exclusively on the person or on the land, and his subsequent recourse is to the one or the other of them, as he may have made his election. *Co. Litt.* 144–5. It is seen, therefore, that there is no point of resemblance between an annuity and even a rent charge; and that though they may for a time exist together in the same deed, they are incapable of being blended. But our ground-rent bears even less resemblance to either. It is not granted like an annuity or rent charge, but reserved out of a conveyance of the land in fee; and, were the statute of *quia emptores* in force here, would be a rent seck, charging neither the person nor the land. Even where the reservation is attended by a clause of distress, the land is exclusively the debtor. It was settled in *Ingersoll* v. *Sergeant,* (1 *Whart. R.* 337); *Franciscus* v. *Reigart,* (4 *Watts* 98); and *Kenege* v. *Elliott,* (9 *Watts* 262), that our ground-rent is an ordinary rent service; and it is well understood that no writ of annuity lies for it, because, like rent granted for owelty of partition, or in lieu of dower, it partakes of the realty and has no touch of personal responsibility in its complexion. *Co. Litt.* 144 *a.* It is plain, therefore, that such a rent, not being an annuity in substance or in form, is not within the purview of the statute; and can a covenant to pay it be more so?

An annuity is discharged by the death of the grantor; a ground-rent covenant is perpetual. By the statute, an annuity might have been valued and the annuitant let in to prove as a creditor to the extent of the valuation, as he may by the 6 Geo. 4; but to value such a covenant, which is perpetual, as an annuity which expires with the grantor, would wrong the ground landlord, who has a fee-simple in the rent, and consequently a perpetual interest in the covenant to secure it. It would be impossible to treat such a covenant consistently as an annuity in substance and a covenant in form. It might be practicable to value it at so many years' purchase; but it would be valued as a rent, and not as an annuity. The statute seems to have contemplated nothing of the sort; for the covenant is but an accessory, the rent being the principal.

[Bosler v. Kuhn.]

Nor could the landlord prove for the coming rent as the holder of a debt payable *in futuri*. A rent service is not a debt; and a covenant to pay it is not a covenant to pay a debt: it is a security for the performance of a collateral act. The annual payments spring into existence and for the first time become debts when they are demandable; for while they are growing due the landlord has no property in anything distinct from the corpus of the rent, or the realty of which they are the produce; and the fruit must be severed from the tree which bears it, before it can become personal property and a chose in action. A debt is an entire thing, though it be payable by instalments; and to admit it to be proved, when thus constituted, would require the instalment to be combined by a penalty, such as formerly was called in aid of an annuitant; or else to be consolidated by the contract. There is no penalty in the deed before us to bind the tenant to performance of his covenant; and as each payment would constitute a separate debt, the number of them would be infinite. But what is decisive of the legislative intent, is, that if such a covenant were meant to be provable as a future debt, there would have been no need of special provision for an annuity. The affidavit of defence, therefore, was insufficient.

Judgment affirmed.