Stinemets *v.* Ainslie.

---

## STINEMETS *vs.* AINSLIE.

A discharge under the late bankrupt act, is not a bar to the recovery of rent which accrued after presenting the petition in bankruptcy, upon a lease executed by the bankrupt, as lessee, before that time

Therefore where the plaintiff, prior to May 1, 1842, demised a house to the defendant for one year from that day, for a certain rent payable quarterly, and the defendant occupied during the term, but on the 12th day of December, 1842, petitioned to be declared a bankrupt, and obtained his certificate in August, 1843; *held* that the discharge was not a bar to an action on the lease for the last quarter's rent falling due May 1, 1843.

ERROR to the superior court of the city of New-York, where assumpsit was brought by Ainslie against Stinemets. On the 8th of April, 1842, the plaintiff demised to the defendant certain premises in the city of New-York for the term of one year from the first day of May then next, at the annual rent of $600

payable quarterly, which rent the defendant promised in writing to pay. The defendant entered and occupied the premises for the whole year, ending May 1, 1843. Under the agreement, the plaintiff claimed to recover the last quarter's rent, from February first to May first, 1843. The declaration contained a count on the agreement to pay rent, and a count for use and occupation. The defence was bankruptcy. The defendant's petition in bankruptcy was filed December 12, 1842; on the 11th of March following he was declared a bankrupt, and on the 7th of August thereafter he was discharged. The court decided that the discharge was not a bar to the action. Exception. Verdict for the last quarter's rent with interest, and judgment for the plaintiff. The defendant brings error.

*N. Dane Ellingwood,* for the plaintiff in error, insisted that the plaintiff's demand was one which might have been proved under the bankruptcy, and that the discharge consequently operated upon and extinguished it. The term, he said, vested in the assignee by operation of law, and if any one was liable to the plaintiff for the quarter's rent claimed it was the assignee.

*W. Curtis Noyes,* for the defendant in error, argued 1. That the rent claimed having accrued subsequently to the presentation of the petition in bankruptcy, was not provable; 2. That the defendant below having continued in possession after the presentation of the petition and after he was declared a bankrupt, and the assignee not having elected to take the residue of the term, the defendant remained liable for the rent. He referred to the following authorities: *Owen on Bankr.* 59; *Copeland* v. *Stevens,* (1 *Barn. & Ald.* 593;) *Doe* v. *Andrews,* (4 *Bing.* 348;) 12 *Moore,* 601; 2 *Carr. & Payne,* 598; *Dark* v. *Sharp,* (3 *Moore & P.* 390;) 5 *Adolph. & E.* 366; *Henley's Bankrupt Law,* 237, 9; *Id. Appendix,* 78; *Mills* v. *Auriol,* (1 *H. Bl.* 483; *S. C.* 4 *T. R.* 94;) *Com. Land. and Ten.* 247; *Archb. Bankr. Law,* 193; 1 *Cooke's Bankrupt Law,* 5; *Parslow* v. *Dearlove,* (4 *East,* 438;) *Brix* v. *Braham,* (1 *Bing.* 281;) 2 *Caines' Cas. in Err.* 311; *S. C.*

Stinemets *v.* Ainslie.

1 *John. Cas.* 73 ; *Lansing* v. *Prendergast,* (9 *John.* 127;) *Stebbins* v. *Willson,* (14 *id.* 403 ;) *M. & F. Bank* v. *Capron,* (15 *id.* 467 ;) *Hodges* v. *Chace,* (2 *Wend.* 248 ;) *Brown* v. *Fleetwood,* (5 *Mees. & Welsb.* 19 ;) *Wells* v. *Mace,* (2 *Washb. Vt. R.* 503 ;) 2 *Barr's Penn. R.* 343 ; 6 *Law Reporter,* 317, *per Ware, J.;* *Crouch* v. *Gridley,* (6 *Hill,* 250 ;) *Thompson* v. *Hewitt,* (*id.* 254.)

*By the Court,* BRONSON, Ch. J. The discharge only goes to such debts as the defendant owed at the time of presenting his petition, and the rent which the plaintiff seeks to recover accrued subsequent to that time. Although the agreement to pay rent was made prior to the bankruptcy, it is settled, that the discharge does not bar an action on the agreement, for rent accruing subsequent to the bankruptcy. (*Lansing* v. *Prendergast,* 9 *John.* 127, *and cases there cited.*) The defendant's assignee never took possession of the demised premises, nor does it appear in any other way that he ever elected to take the term. He was not obliged to accept the leasehold estate, charged with the payment of rent. (*Copeland* v. *Stephens,* 1 *B. & Ald.* 593 ; *Smith* v. *Gordon,* 6 *Law Reporter,* 317, *per Ware, J.*) If the assignee had entered under the assignment, a different question would have been presented.

It is settled, as we have seen, that the plaintiff does not belong to the class of creditors mentioned in the fifth section of the bankrupt act, " whose debts are not due and payable until a future day." And clearly he does not belong to the other class of persons mentioned in that section, to wit, " annuitants, holders of bottomry and respondentia bonds, holders of policies of insurances, sureties, endorsers, bail, or other persons having uncertain or contingent demands." That clause was not framed for a case of this kind.

If the case is not plainly within the statute, there is no good reason why the defendant should not pay this debt. It arises from a consideration which he has received since the bankruptcy.

Judgment affirmed.