Savory *v.* Stocking.

the order was due from him to one of the plaintiffs, and said that he should pay the same at some time, although he was not then able to do so.

The case was submitted without argument.

---

## JOHN B. SAVORY *vs.* JOHN W. STOCKING.

A discharge in bankruptcy, taking effect on the 28th of June, 1842, is not a bar to the recovery of a quarter's rent falling due on the 9th of July following, the bankrupt having occupied the premises to the end of the quarter.

THIS was an action of debt, to recover one quarter's rent due on the 9th of July, 1842, on a lease for years dated July 9th, 1841, reserving rent payable quarterly. The defence was a discharge duly obtained by the defendant under the bankrupt law of the United States, for the benefit of which he petitioned on the 28th of June, 1842. The defendant occupied the premises until the 4th of August, 1842, which was the date of the writ, and was then ejected by the statute process of forcible entry and detainer.

There was no appearance for the plaintiff.

*J W Perry,* for the defendant.

FLETCHER, J.    The discharge in bankruptcy does not dis-
charge this claim, and the plaintiff must have judgment for
one quarter's rent.    The petition in bankruptcy was on the
28th of June, 1842.    The quarter under the lease expired
and the rent for the quarter now claimed became due on the
9th of July, 1842.    This was not a debt due at the time of
the discharge, nor was it a contingent debt within the mean-
ing of the bankrupt law, because the claim is in part for the
occupancy of the premises by the bankrupt after the dis-
charge, and though that part be but a small part, it does not
affect the principle.    The assets of the bankrupt cannot be
charged for the occupancy of the bankrupt after the time
of the discharge.    *Hendricks* v. *Judah,* 2 Caines, 25; *Bosler*
v. *Kuhn,* 8 W. & S. 183.