JOSHUA BENNETT *vs.* WILLIAM BARTLETT.

Where the proceeds of goods, transferred by an absolute bill of sale as collateral security for a debt, and sold by the creditor, are recovered of the creditor in a suit brought by a prior mortgagee of the goods, a discharge in bankruptcy of the debtor, pending that suit, is no bar to the creditor's right of action against the debtor on the implied warranty of title.

THIS was an action of assumpsit, commenced on the 7th of April, 1847, to recover damages for a failure of the plaintiff's title to two thousand six hundred and sixty-two pounds of brass wire, alleged to have been sold to him by the defendant. The case was submitted to this court upon the facts and evidence hereinafter stated, from which the court were to draw such inferences as a jury might draw, and upon which they were to render such judgment as the law and facts might require.

The agreed statement was substantially as follows : —

The plaintiff, on the 18th of February, 1835, lent the defendant $500, for which he received the defendant's promissory note, payable in three or four months. At the same time, and as a part of the same transaction, the defendant gave the plaintiff an absolute bill of sale of the wire above mentioned, valued in the bill at $500, and to be held by the plaintiff as collateral security for the loan of that sum. The bill was re-

ceipted by the defendant, and the wire delivered immediately or on the following day.

Before the note became payable, the wire was sold by the plaintiff for more than the principal and interest of the note, and the balance of the proceeds of the sale, after deducting the amount due on the note, was paid by the plaintiff, on an order drawn by the defendant on the 8th of May, 1835, in favor of Thomas Simpson.

The defendant, previous to the bill of sale to the plaintiff, had mortgaged the wire to William Barry, as security for the defendant's note to him, and the mortgage was duly recorded. In order to deliver the wire to the plaintiff, the defendant obtained possession thereof fraudulently, and afterwards admitted, that he had raised money from the plaintiff on the wire previously mortgaged to Barry.

At the March term, 1844, of this court, in the county of Suffolk, Barry recovered judgment in an action of trover for the wire, which had been commenced on the 17th of February, 1841, (see *Barry* v. *Bennett*, 7 Met. 354,) for the sum of $741.12 damages, and $143.31 costs of suit; the damages being the amount for which the present plaintiff had previously sold the wire, with interest from the date of the demand.

The defendant had not resided in or been a citizen of this commonwealth, since the year 1835, for six years. But whilst a citizen of the state of Pennsylvania, he had there taken advantage of the bankrupt law of the United States, having filed his petition in the summer of 1842, and obtained his discharge as a bankrupt on the 17th of April, 1843.

The case was argued in writing.

*A. H. Nelson* and *J. P. Converse*, for the plaintiff.

*J. G. Abbott* and *S. A. Brown*, for the defendant. The plaintiff's claim is barred by the discharge. He now seeks to recover on an implied contract of warranty of title, made at the time of the sale in 1835; and the rights and relations of the parties must stand as they did at that time. *Appleton* v. *Bascom*, 3 Met. 169. There was a breach of the contract as soon as it was made, and an action could have been maintained immediately, and nominal damages, at least,

recovered. Sedgw. Dam. 109, 110 ; *Allen* v. *Anderson,* 2 Bibb, 415. It stands on the same ground as an express promise in writing to indemnify the plaintiff against all damages from defect of title to the property sold. It is like a case between prin-cipal and surety, in which the contract is made before the prin-cipal becomes bankrupt, but no loss accrues to the surety until after the principal is discharged; and in such case the claim of the surety against the principal is barred. 1 Deacon, Bankr. 293; *Westcott* v. *Hodges,* 5 B. & Ald. 12; *Mace* v. *Wells,* 7 How. 272.

The action against the plaintiff, in which he was finally obliged to pay the sum now sought to be recovered, was com-menced more than a year before the defendant applied for the benefit of the bankrupt act; so that there was ample time to have settled the claim against himself, and proved it against the defendant's estate. The defect of title here was the exist-ence of a mortgage, which, in order to be valid, must have been recorded; so that the plaintiff must have had constructive notice of it at the time of the sale. It is the plaintiff's own laches, that he waited until it was too late to prove his claim in bankruptcy.

This action cannot be maintained, because the sale relied upon was not absolute, but merely a pledging as collateral se-curity for money lent by the defendant to the plaintiff, and for which the plaintiff's note was given. The failure of title to the pledge did not subject the defendant to an action of as-sumpsit on the warranty, while the original debt remained in full force; although, if deceit was used in obtaining money upon the pledge, an action of tort might lie.

The opinion was delivered at the October term, 1851.

FLETCHER, J. The plaintiff had no claim, which could have been proved in bankruptcy against the defendant, at any time before the date of his discharge. While the plaintiff was in the actual possession and enjoyment of the money which he received for the wire, he could prove no claim, and had no claim against the defendant. If the plaintiff, before he was de-prived of the money, had brought a suit against the defendant, for a breach of his warranty of title, it must have been a good

defence, that the plaintiff had sold the wire, and actually had the money for it, and so far as could then be known might always hold the money. The plaintiff surely could not, at the same time, have the money for which the wire was sold, and the like amount in damages against the defendant. Nor could the plaintiff actually have the money for which he sold the wire, and at the same time have the like amount allowed him in bankruptcy against the defendant. While the plaintiff actually had the money, it could not be known that he would not always hold it; and he could therefore have no claim to have a sum allowed him in any form against the defendant, instead of and in the place of this money.

The only claim, which the plaintiff now has or ever had against the defendant, is for a sum of money in the place or stead of the money for which he sold the wire. But while the plaintiff actually held the money for the wire, he could have no claim against the defendant, for another sum in the place or stead of that money. If, while the plaintiff held the money for the wire, he could have had another equal sum allowed him in any form against the defendant, he might have obtained double the sum to which he was entitled. While the plaintiff, therefore, held this money, he had no claim contingent or otherwise which he could have proved against the defendant. The most the plaintiff could have proved would have been, that he might possibly, at some future time, if he was deprived of the money, have a claim against the defendant. It was not the duty of the plaintiff voluntarily to give up the money to Barry, and take upon himself the burden of proof to show, in proof of his claim against the defendant in bankruptcy, that he had no title to the wire. The plaintiff could not know, that the defendant had no such title, and could not be required to assume the burden of proving that fact. The defendant cannot be heard to say, that the plaintiff should have assumed, that he, the defendant, did not own the wire, which he assumed to own and which he sold to the plaintiff.

The defendant transferred the wire as his own to the plaintiff, and authorized the plaintiff to sell it, and to receive the

money for it·; and it is not now for the defendant to complain, that the plaintiff reposed confidence in him, and believed that he acted rightfully and lawfully in the matter, and in that belief held the money till it was taken from him by the compulsory process of the law. When the plaintiff was deprived of the money, when it was taken from him by law, then and not till then he had a claim on the defendant, to give him other money in the place and stead of the money received for the wire. The plaintiff was not deprived of the money, it was not taken from him by law, till after the defendant's discharge. The plaintiff in the suit claims of the defendant other money in the place of that which has thus been taken from him ; and this cause of action having accrued to the plaintiff, since the defendant's discharge in bankruptcy, is not barred by the discharge, and judgment must be entered for the plaintiff. *Stinemets* v. *Ainslie,* 4 Denio, 573 ; *Woodard* v. *Herbert,* 11 Shepl. 358 ; *Bosler* v. *Kuhn,* 8 W. & S. 183 ; *Savory* v. *Stocking,* 4 Cush. 607.