BENJAMIN F. HALLETT & others *vs.* WILLIAM W. FOWLER.

A plaintiff in replevin cannot maintain his action simply by showing that since it was commenced the defendant has gone into insolvency, although the assignee does not appear and take upon himself the defence.

REPLEVIN of a piano. At the trial in the superior court, before *Putnam*, J., it appeared that since the commencement of the action the defendant had gone into insolvency, and an assignee had been appointed, who did not appear and take upon himself the defence. The plaintiffs objected that the defendant had no right to appear and contest the action; but the judge ruled otherwise. The plaintiffs offered no evidence upon the merits of the case, and a verdict was accordingly returned for the defendant, and the plaintiffs alleged exceptions.

*S. H. Phillips,* for the plaintiffs.

*S. B. Ives, Jr.,* for the defendant.

METCALF, J. The ground taken by the plaintiffs is, tnat although they show no title to the property which they took from the defendant on their replevin writ, yet that he cannot defend this action, because all his property has been assigned under the insolvent laws, since the action was commenced. They insist, in the brief of their counsel, that " the defendant lost all control of the defence of this case by his insolvency, and by force of the assignment." The effect of this position is, that a party whose property is assigned under the insolvent laws, after an action of replevin is brought against him, must

necessarily have judgment against him in that action, although the plaintiff has no title to the replevied property.

To entitle the plaintiffs to maintain this action, they were bound to prove that the piano was their property, general or special, of which they had the right to immediate possession, and that it was unlawfully taken or detained from them by the defendant; and upon their proving all this, they would have been entitled to judgment against the defendant for damages and costs. *Johnson* v. *Neale,* 6 Allen, 228. Gen. Sts. *c.* 143, § 17. The fact that the title which the defendant once had to the piano had passed to his assignee in insolvency, did not oblige the assignee to come in and defend the action, nor entitle the plaintiffs, though the assignee did not come in, to recover without proving their case. The assignee having deliberately omitted to take any part in the suit, we need not inquire what would have been his rights and liabilities if he had undertaken the defence. We express no opinion on the question whether the insolvent laws authorized him to make a defence to this action in his own name. Assuming that they did, yet neither the assignment of the defendant's property to him, nor his omission to interpose, could oblige the defendant, without being heard, to suffer judgment against him for damages and costs in favor of those who prove no title, and from which a certificate of discharge in insolvency would not protect him.

*Exceptions overruled.*