TEN CASES OF SHAWLS (UNITED STATES v.). See Case No. 16,448.

TENCH (HUMPHRIES v.). See Case No. 6,873.

---

## Case No. 13,829.

In re TEN EYCK et al.

[7 N. B. R. 26.] [1]

District Court, N. D. New York. March 11, 1872.

BANKRUPTCY — LEASED PREMISES — ELECTION OF ASSIGNEE.

It is well settled that until an assignee in bankruptcy elects to accept a lease as assignee, he does not become liable for rent accruing after the adjudication, hence, when an assignee occupies the leased premises independently of the lease and pays for such occupation, this occupation is not evidence of such an election.

[Cited in Lee v. Hollister, 5 Fed. 760.]

This case came before the court upon the certificate of the register in charge, upon a statement of facts and of controverted questions assumed to have arisen between the assignee in bankruptcy and the lessors in a lease made to the bankrupts, as follows, viz.: "The said lessors, to wit: the execu-

tors and executrix of Nathan Burr, deceased, by said written lease demised for the term of three years from May first, eighteen hundred and seventy, to said bankrupts [Ten Eyck & Choate] the three upper stories or lofts of the 'Suydam' store, number 86 Genesee street, and the said bankrupts occupied and used the said 'lofts' in accordance with the terms of the lease, inter alia, for the purposes of their business up to their being adjudicated bankrupts, viz., August fourteenth, eighteen hundred and seventy-one, having 'covenanted' to pay for said premises two hundred and fifty dollars per year, in quarterly payments." That on or about the twenty-sixth day of September, eighteen hundred and seventy-one, Amasa B. Hamlin was appointed assignee herein, and has ever since been and is now acting as such. That on said twenty-sixth day of September, eighteen hundred and seventy-one, and at the first meeting of creditors, said lessors put in evidence their lease and proved seventy-two dollars and fifty-eight cents of rent to have accrued up to the adjudication herein. And at the second meeting of creditors, said assignee paid and said lessors accepted a fifty per cent. dividend upon said accrued rent, it being mutually agreed by and between said parties and before said register that said payment and receipt should not prejudice the rights of said parties herein; and on the twenty-sixth day of February, eighteen hundred and seventy-two, the assignee paid for the use and occupation of said premises (he having used the same for said estate independently of the lease), up to the twentieth day of February, eighteen hundred and seventy-two, one hundred and twenty-nine dollars and seventeen cents, and the assignee also gave notice of the surrender of said premises. The said money and notice of surrender were each both given and received in like manner, without prejudice as to the unexpired balance of the lease. The assignee has at no time accepted said lease, nor have said lessors in any way consented to its transfer into the fund. Reference is made to said Exhibit A, for a more full and particular statement of its terms and conditions. (Such lease contained an express covenant for the payment of the rent, and the following provision: "Provided said party of the second part shall fail to pay said rent or any part thereof, when it becomes due, it is agreed that said party of the first part may sue for the same, or re-enter said premises, or resort to any legal remedy.")

Upon the above statement of facts, the respective parties, by their said counsel, beg to submit: First. Did the adjudication of bankruptcy herein release said bankrupts from further liability on said lease, and relieve them from the payment of all rent which would accrue thereon by its terms from the date of said adjudication? Second. Is the estate of said bankrupts holden

for the rent of said premises from the adjudication to the full end and term of said lease? Third. Was the rent unaccrued at the adjudication provable as a debt; and can bankrupts be discharged from the express and implied covenants to pay the rent then unaccrued? Fourth. What disposition shall be made of the balance of the term unexpired at the adjudication?

The register gave no opinion upon the questions presented, and the counsel for the assignee cited no authorities. The counsel for the lessors cited the following, viz.: Mills v. Auriol, 1 Smith, Lead. Cas. pt. 3, p. 933; Hare & W. Am. Notes, 1140; Stinemetz v. Ainslie, 4 Denio, 573; Bosler v. Kuhn, 8 Watts & S. 183; Prentiss v. Kingsley, 10 Barr [10 Pa. St.] 120; Savory v. Stocking, 4 Cush. 607; 6 Johns. 52.

Charles F. Durston, for assignee.

Edward C. Marvine, for executors and executrix.

HALL, District Judge. In my judgment it is not proper for me now to decide either of the questions presented by the annexed submission, to which the lessors therein referred to and the assignee in bankruptcy are the only parties, unless the second presents the question of the liability of the assignee in bankruptcy in the character of an assignee of the lease.

The first question is one in which the assignee has no interest, as it can only be properly adjudicated in a suit brought to enforce such liability, and a decision of the question in this proceeding would not bind the parties to such suit. Besides it is upon the effect of the discharge and not of the adjudication, that the question of such liability must depend.

The second question, as I understand it, can only be properly adjudicated after the lessors have presented and made formal proof of their claim, as required by the bankruptcy act [of 1867; 14 Stat. 517]. Then if the claim is resisted by the assignee and disallowed by the district court, the claimants would have a right of appeal to the circuit court, and of a trial in that court, as provided in the bankruptcy act. Besides, by the brief presented on behalf of the lessor, it is contended that they cannot legally prove a claim for such rent, and until they propose to prove such claim, no question in regard to its validity has arisen between them and the assignee.

The third question is regarded as the same in substance as the first, for the reason that if the claim for rent is provable, it can be discharged.

The fourth question is too general, and no answer to it can be given under the facts stated. If the lessors had not already, in legal effect, re-entered upon the demised premises, by accepting the tenancy of the assignee in bankruptcy independently of the lease, the disposition of the unexpired term must depend upon the future action of the lessors and assignee.

It may possibly have been intended by the second question to submit whether the assignee, under the facts and circumstances stated, had assumed the position and liability of an assignee of the lease, and had therefore become liable in that character for subsequently accruing rent; and if so, it is proper to decide that question. The question, so understood, must be decided in the negative. There is nothing evidencing an election by the assignee to accept that position, except his occupation of the premises; and it is expressly stated that such occupation was independently of the lease, and that the assignee had paid for such occupation. This occupation therefore is not evidence of such an election. It is well settled that until an assignee in bankruptcy elects to accept a lease as assignee, he does not become liable for rent accruing after the adjudication and assignment in bankruptcy. Turner v. Richardson, 7 East, 335; Copeland v. Stephens, 1 Barn. & Ald. 593; Martin v. Black, 9 Paige, 641; Lewis v. Burr, 8 Bosw. 140; Carter v. Hammett, 12 Barb. 253; Smith v. Gordon [Case No. 13,052]. And see as bearing upon the question presented, Bourdillon v. Dalton, 1 Peake, 238, and 1 Esp. 234; Wheeler v. Bramah, 3 Camp. 340; Hanson v. Stevenson, 1 Barn. & Ald. 303; Carter v. Warne, 4 Car. & P. 191; Journeay v. Brackley, 1 Hilt. 447; Jermain v. Pattison, 46 Barb. 9; In re Wynne [Case No. 18,117]; In re Merrifield [Id. 9,465]; Murray v. De Rottenham, 6 Johns. Ch. 52; Funtur v. Graham, note to 8 East, 317; Mayor v. Steward, 4 Burrows, 2439; Boot v. Wilson, 8 East, 311; Wadham v. Marlowe, note, 8 East, 314; Stinemetz v. Ainslie, 4 Denio, 573; Lansing v. Prendergast, 9 Johns. 137; Bosler v. Kuhn, 8 Watts & S. 183; Prentiss v. Kingsley, 10 Barr [10 Pa. St.] 120; and the cases referred to in the reports of the cases above mentioned. Under these cases, and the fourteenth, nineteenth, twentieth and thirty-fourth sections of the bankrupt act, the questions submitted in respect to the effect of a bankrupt's discharge, and the right of the landlord to prove for rent accruing after the adjudication in bankruptcy, and, if so, whether it must be considered a debt secured by a pledge of or a lien on the property of the bankrupt, and conditionally provable under section twenty, are questions by no means free from doubt, and upon which I do not propose to deliver an opinion until the questions are presented under such circumstances as require me to make a judicial decision.