JEREMIAH P. ROBINSON et al., Appellants, *v.* JOSE A. PESANT, impleaded, etc., Respondent.

A discharge in bankruptcy is limited in its operation to those debts and claims which by the act are made provable against the estate of the bankrupt, and which existed at the time of the filing of the petition. It does not operate upon a continuing contract so as to exempt the bankrupt from liability for benefits derived by him therefrom after the filing of his petition.

(Argued June 12, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, reversing a portion of a judgment in favor of plaintiffs entered upon the decision of the court at Special Term.

The action was brought to foreclose the plaintiffs' lien as warehousemen, for the storage of a caloric engine and machinery appurtenant thereto, and for a personal judgment against the defendants, for any deficiency that should remain after the sale of the property and the application of the proceeds.

The property was delivered to the plaintiffs, to be stored, December 29, 1865, under an agreement that they were to be paid a reasonable compensation for the time of storage. The defendant, Pesant, pleaded in bar of his personal liability his discharge in bankruptcy, obtained upon his petition filed December 10, 1867. The court, at Special Term, held that the respondent's discharge was effectual only as to so much of the claim as accrued prior to the filing of the petition, in pursuance of which the discharge was obtained. He directed a sale of the property, and the application of the

net proceeds to the payment of the costs of the action, and of the whole claim for storage; and he ordered judgment against the defendant Pesant, personally, for the deficiency, to the extent of so much of the claim for storage as accrued subsequent to the filing of his petition in bankruptcy. Judgment was accordingly entered, and, after a sale of the property, judgment for a deficiency was entered against the respondent.

The respondent appealed from so much of the judgment as charged him with personal liability, and that part of the judgment was reversed at General Term.

*L. H. Arnold, Jr.,* for the appellants. The discharge in bankruptcy of Pesant discharged his indebtedness upon the contract up to the time of filing his petition. (*Ocean Nat. Bk.* v. *Olcott,,* 46 N. Y., 12.) Plaintiffs' claim for storage to accrue subsequently to the bankruptcy was not a provable claim. (*Jameson* v. *Blowers,* 5 Barb., 686; *Stinemetz* v. *Ainslie,* 4 Den., 573; *Parker* v. *Ince,* 4 H. & N., 52; *In re Clough,* 2 B. R., 59; *Tuttle* v. *Smith,* 14 How. Pr., 395.) The bankruptcy proceedings did not affect the contract between the parties, and defendant is liable for the indebtedness that accrued upon it from the time of bankruptcy. (*Aariol* v. *Mills,* 4 T. R., 94; *Boot* v. *Wilson,* 8 East, 311; *Parker* v. *Ince,* 4 H. & N., 52; *Warburgh* v. *Tucker,* 32 E. L. & E., 189; *Murray* v. *De Rottenbam,* 6 J. Ch. R., 52; *Lansing* v. *Pendergast,* 9 J. R., 127; *Stinemetz* v. *Ainslie,* 4 Denio, 573.) Defendant was liable for the accrued storage on an implied contract to pay for the same. (*Hendricks* v. *Judah,* 2 Caines' R., 25; *Oatfield* v. *Waring,* 14 J. R., 187; *People* v. *Flagg,* 17 N. Y., 584.)

*Joseph A. Shoudy* for the respondent. The discharge in bankruptcy extinguished the contract with the plaintiffs, and no indebtedness thereon could subsequently accrue. (*Depuy* v. *Swart,* 3 Wend., 135; *Crafts* v. *Mott,* 4 N. Y., 604; *Tobias* v. *Rogers,* 13 id., 59; *Ocean Nat. Bk.* v. *Olcott,* 46 id., 12.)

RAPALLO, J.   The liability of the defendants for the storage was a continuing liability, and bound them to pay for storing the property so long as it might remain on storage.   It was in the nature of rent for the storage accommodations provided by the plaintiffs.

So much of this rent or compensation as had accrued at the time Pesant filed his petition in bankruptcy was an existing debt clearly provable against his estate, and, consequently, barred by his discharge.

But the property was suffered to remain on plaintiffs' premises after the filing of the petition, and a claim for that subsequent storage has accrued.   It is difficult to discover how the discharge of Pesant in bankruptcy can affect the claim for such subsequent storage.   It was not, at the time of the filing of the petition, a liability of any sort, present or contingent, and could not have been estimated.   The property might have been removed the next day after the filing of the petition or proof of the supposed claim.   Neither was it a claim for unliquidated damages for the breach of a contract, for there was no agreement that the property should remain on storage for any particular time.   The plaintiffs' right to compensation, and the defendants' liability therefor, arose from day to day, or from month to month, as the property was allowed to remain.   If neither party chose to terminate the contract, every day the property remained a new obligation was created on the part of the defendants to pay for the storage.   So much of this indebtedness as accrued after the filing of the petition should, therefore, be regarded as an indebtedness contracted thereafter.

The bankrupt discharge is, by the terms of the bankrupt act, and of the discharge itself, limited in its operation to those debts and claims which, by the act, are made provable against the estate of the bankrupt, and which existed at the time of the filing of the petition.   It does not operate upon continuing contracts so as to permit the bankrupt to enjoy the benefits arising therefrom after the filing of his petition, and at the same time exempt him from liability for

such subsequent enjoyment. (*Stinemets* v. *Ainslie*, 4 Denio, 573.) Section 19 of the act is intended to cover cases of this description, and to allow an apportionment where the rent or compensation is payable at stated periods. The provisions which allow contingent debts and liabilities and debts payable *in futuro* to be proved, have no application to such a case as this. There must be a debt or liability either as principal or surety, which, if the contingency had happened or the term of credit had expired, would be ascertainable. Here, at the time of the filing of the petition, there was no debt, absolute or contingent, but a liability to pay from day to day, so long as the property should be suffered to remain, the contract being terminable at pleasure. If the bankrupt desired to terminate his liability for future storage, he should have removed the goods.

I think the case was rightly decided at Special Term, and that the judgment of the General Term should be reversed, and that of the Special Term affirmed, with costs.

All concur.

Judgment accordingly.