HUDSON RIVER BRIDGE CO. (SILLIMAN v.). See Cases Nos. 12,851 and 12,852.

HUDSON RIVER R. CO. (HODGE v.). See Cases Nos. 6,559 and 6,560.

HUFFINGTON (KELLY v.). See Case No. 7,671.

HUFFMAN v. KEMP. See Case No. 13,465.

---

## Case No. 6,837.

In re HUFNAGEL.

[12 N. B. R. 554.] [1]

District Court, E. D. Michigan. 1875.

BANKRUPTCY — JUDGMENT CREDITORS — DUTY OF ASSIGNEE TO PAY RENT—NON-PROVABLE DEBT.

1. Where a judgment creditor has made a levy upon the property of the bankrupt before petition filed, and after commencement of proceedings in bankruptcy procures the sheriff to sell the property upon his execution, the court may set aside the sale, or may confirm it and permit the creditor to retain the proceeds. The latter course is proper where the creditor acted under a misapprehension of his duty, and the property brought its full value.

[Cited in Re Ives, Case No. 7,116.]

2. The assignee should pay from the assets the rent of a store occupied by him, from the

[1] [Reprinted by permission.]

filing of the petition to the date of surrendering possession.

3. Rent and damages for non-performance of covenants in lease, accruing after commencement of proceedings in bankruptcy, are not debts provable against the estate.

Upon the petition of George O. Robinson for an order to realize balance for rent out of the proceeds of certain notes and accounts in his hands, and also for the payment of the rent of certain stores, while the same were in possession of the bankrupt · court. The facts are substantially as follows: First. On the 13th of November, 1874 [Peter] Hufnagel was indebted to Robinson on a judgment in the superior court of Detroit, for rent to November 1, 1874, in the sum of three hundred and twenty-two dollars and eighty-five cents, exclusive of costs; Hufnagel also owed him for rent from November 1st to, November 15th, at the rate of eighty dollars per month. Second. On the said 13th of November, Hufnagel leased of Robinson, stores Nos. 250 and 252 Woodward avenue, at seventy dollars per month, for a term commencing November 13th, 1874, and ending May 1st, 1875, these being the same rented from Robinson up to said 13th of November, and occupied by said Hufnagel; that in said lease Hufnagel waived demand for rent or for possession of the premises for nonpayment of rent. Third. On said 13th day of November, Hufnagel, in connection with the making of said lease, turned over to Robinson notes and accounts of the face value of seven hundred and nine dollars and twenty-six cents, to secure the payment of the rent due and to become due; and subsequently said Robinson, in addition, received notes and accounts to the amount of two hundred and eighty dollars, in the same manner and for the same purpose. Fourth. On the 31st day of December, 1874, the sheriff of Wayne county, by virtue of an execution taken out upon said judgment, levied upon certain goods and chattels in the possession of and belonging to said Hufnagel; the goods so levied upon were not taken out of Hufnagel's store, but remained there, and were receipted for by Thomas W. Martin, an employee of said Hufnagel, who had one of the keys to the store. Fifth. On the 27th of January, 1875, said Hufnagel filed his petition in bankruptcy. Sixth. On the 2d of February, the said goods levied upon as aforesaid, still remaining in the store of said Hufnagel, were sold under said execution, by said sheriff, for the sum of three hundred and ninety-six dollars. Seventh. Said Hufnagel retained the keys to and remained in possession of said stores until March 1st, 1875, and on said date the assignee took the keys and possession; the assignee remained in possession until March 22, when he delivered the keys to Robinson. Eighth. Robinson knew of the filing of the petition by Hufnagel before the sale by the sheriff. Ninth. On the 5th of March, the assignee demanded

of Robinson the said accounts and notes, and goods levied upon, or the proceeds thereof; said demand has not been complied with.

George O. Robinson, in pro. per.
F. G. Russell, assignee, in pro. per.

BROWN, District Judge. It is claimed by the assignee, that the petitioner had no right, after proceedings in bankruptcy had been instituted, to sell the bankrupt's property upon his execution against him. No question is made with regard to the validity of the judgment which was obtained on the 12th of November. Execution was thereupon issued and levied on the 31st day of December, twenty-seven days before the proceedings in bankruptcy were commenced, and receipt taken by the sheriff from a third party for the property seized.

First. It is well settled that an adjudication of bankruptcy sweeps within the purview of the bankrupt court all the property of the debtor, whether incumbered or unincumbered, and that no steps can thereafter be taken to enforce claims against such property, either by way of attachment, execution, distress, replevin, or foreclosure, except through the bankrupt court, or by its permission, in the state court. Phelps v. Sellick [Case No. 11.079], and cases cited therein. In re Cook [Id. 3,151]; In re Vogel [Id. 16,983]; Stuart v. Hines [33 Iowa, 60]. A party who has levied an execution upon the property of the bankrupt before adjudication, ought not to proceed to a sale without such permission, and if he does so, the sale may be set aside, and he may be held liable, for the actual value of the property, regardless of the amount realized upon such sale. Davis v. Anderson [Case No. 3,623]; In re Rosenberg [Id. 12,055]; Smith v. Kehr [Id. 13,071]. Bills have frequently been sustained, enjoining sheriffs of state courts from selling the property of bankrupts upon execution, where it was made to appear that the estate would be injuriously affected. In re Kerosene Oil Co. [Id. 7,726]; In re Mallory [Id. 8,991]; Jones v. Leach [Id. 7,475]; In re Snedaker, 3 N. B. R. 629; In re Lady Bryan Min. Co. [Case No. 7,980]; In re Clark [Id. 2,801]; Pennington v. Sale [Id. 10,939]. Regularly, therefore, the petitioner should have proved his judgment as a secured debt, and obtained the permission of this court to sell the property by virtue of his execution. In re Bridgeman [Id. 1,866]; In re Bigelow .[Id. 1,396]; In re Davis [Id. 3,618]; In re Ruehle [Id. 12,113]; In re Frizelle [Id. 5,133]; Bromley v. Smith [Id. 1,922]; Davis v. Anderson [Id. 3,623].

As it does not appear, however, in this case, that the judgment was obtained by collusion, nor that the levy was improperly made, nor that the property did not bring its full value upon the sale, I think it within the power of the court to say it will not interfere to disturb it. To refuse to confirm

the sale, and order the proceeds paid to the assignee, and at the same time to permit the petitioner to prove his claim as a secured debt, and receive his money from the proceeds, would result in nothing but the accumulation of costs. As the petitioner has acted under an honest misapprehension of his duty in the premises, I am disposed, under the circumstances, to confirm the sale, and to hold his part of the transaction valid. The same view was taken of the discretion of the court in refusing to interfere in Re Iron Mountain Co. [Case No. 7,065]; Re Bowie [Id. 1,728]; Norton v. Boyd, 3 How. [44 U. S.] 426; McLean v. Rockey [Case No. 8,891]; Re Lambert [Id. 8,026]; Lee v. German Sav. Inst. [Id. 8,188]; Re Schnepf [Id. 12,471]; Re Bernstein [Id. 1,350]. I do not think the fact that petitioner held the notes and accounts as further securities for the judgment, deprived him of the lien of his levy, or that such lien was released by taking the receipt of Martin. Swope v. Arnold [Id. 13,702]; Barker v. Binninger, 14 N. Y. 271; Bond v. Willett, *40 N. Y. 377. After payment of judgment and costs, however, there appears to be a surplus of thirty-two dollars, for which petitioner must account to the assignee.

Second. I think the petitioner is entitled to an order for the payment of one hundred and ninety dollars rent, from the commencement of proceedings in bankruptcy to the day possession was surrendered by the assignee. The securities held by petitioner have nothing to do with this claim. They were placed in his hands to secure the payment of rent from Hufnagel, not from his assignee. As the title of the assignee relates back to the commencement of proceedings in bankruptcy, the assignee must pay rent from that date. In re Walton [Case No. 17,131]; In re Appold [Id. 499]; In re Merrifield [Id. 9,465; In re Rose [Id. 12,043]; Ex parte Taxon [Id. 4,704]; In re Butler [Id. 2,236].

Third. For the rent due upon the new lease, from its date to January 27th, the date of commencement of proceedings, the petitioner must prove his claim before the register as a secured debt. On surrendering his securities to the assignee, he may then file a petition for payment from the proceeds. He has no claim, however, for rent from the surrender of possession by the assignee to the date of re-renting. [Rev. St. U. S.] § 5071 provides that "where the bankrupt is liable to pay rent or other debt falling due at fixed and stated periods, the creditor may prove for a proportionate part thereof up to the time of the bankruptcy, as if the same grew due from day to day, and not at such fixed and stated periods." "No debts other than those above specified shall be proved or allowed against the estate." I think the design of this provision was to apportion the rent at the date of filing the petition, permitting the rent, then accrued, to be proved as a debt against the estate, leaving the

subsequent rent unaffected by the discharge in bankruptcy. Indeed, no other construction is practicable. In the cases of long leases, the settlement of the estate might be indefinitely prolonged, if the landlord were permitted, every time he suffered damage by the non-performance of his lease, to prove it as a claim against the estate. Such a claim is, in its nature, almost impossible of liquidation at the date of filing the petition, as the landlord may procure a tenant the next day, and may not be able to find one before the expiration of the lease. There are certain cases of contingent debts and liabilities provided for by section 5068, but I think claims for rent are controlled by section 5071. The reasoning of the learned judge for the Southern district of New York upon this point in Re May [Case No. 9,325] is entirely satisfactory to me, and is supported by the cases of In re Webb [Id. 17,315]; In re Merrifield [Id. 9,465]; Ex parte Houghton [Id. 6,725]; Auriol v. Mills, 4 Term R. 94; Hendricks v. Judah, 2 Caines, 25; Lansing v. Prendergast, 9 Johns. 127; Savory v. Stocking, 4 Cush. 607; Bosler v. Kuhn, 8 Watts & S. 183. This portion of petitioner's claim is therefore disallowed.

An order will be entered in conformity with this opinion.